STEPHEN M. SHANER (SBN 292173)
**ROPERS, MAJESKI, KOHN & BENTLEY**
445 South Figueroa Street, Suite 3000
Los Angeles, California 90071-1619
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Email: stephen.shaner@rmkb.com

Attorney for Defendant
ELEMENT GLOBAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| EDITH DIXON, | CASE NO. |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL FROM THE SUPERIOR COURT OF CALIFORNIA FOR ALAMEDA COUNTY, CALIFORNIA, DOCKET NO. HG-16814301** |
| v. | |
| ELEMENT GLOBAL SERVICES, INC., | |
| Defendant. | |

Defendant Element Global Services, Inc. ("Element"), by filing this Notice of Removal and related papers, hereby removes this above-entitled action from the Superior Court for the County of Alameda, California, Docket No. HG-16814301, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

In support of this Notice of Removal, Element asserts the following:

1. On or about May 4, 2016, the Plaintiff filed a Complaint in the Superior Court for the county of Alameda, California, Docket No. HG-16814301.

2. On or about May 19, 2016, counsel for Element accepted service of the Complaint.

3. At all times relevant hereto it is presumed the Plaintiff assert that she is a citizen of the State of California.

4843-5304-7858.1                                              NOTICE OF REMOVAL

4.  Element is a New York corporation with a principal place of business in the State of New York.

5.  Element desires to exercise its right to remove the State Court Action under 28 U.S.C. § 1441(a), which provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6.  Plaintiffs' Complaint alleges that Element violated, inter alia, the Fair Debt Collection Practices Act (the "FDCPA") codified at 15 U.S.C. § 1692, et seq., *et seq*.

7.  Given the allegation in the Complaint that Element violated the FDCPA, this Court, pursuant to 28 U.S.C. § 1331, has subject matter jurisdiction over the allegations in the Complaint.

8.  Thus, the Alameda County action may be removed to this Court by Element in accordance with the provisions of 28 U.S.C. § 1441(a) because this is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California and because the allegations made by the Plaintiff allege violations of the FDCPA.

9.  Notice of Removal is being filed within 30 days after service of the Complaint upon Element and is thus timely as set forth in 28 U.S.C. § 1446(d).

10. Pursuant to 28 U.S.C. § 1441(a), venue is proper because Alameda County lies within the Northern District of California.

11. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint served on Element is attached hereto as **Exhibit A**.

12. A civil cover sheet is attached hereto as **Exhibit B**.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is contemporaneously being filed with the Superior Court for the county of Alameda and served on Plaintiffs' counsel. By serving a copy of this Notice of Removal upon Plaintiffs' counsel, Element is giving Plaintiffs proper notice of this removal.

14. Element reserves the right to amend or supplement this Notice of Removal and further reserves the right to raise all defenses or objections.

Dated: June 17, 2016         ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
STEPHEN M. SHANER
Attorney for Defendant
ELEMENT GLOBAL SERVICES, INC.

# EXHIBIT A

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

MAY 04 2016

CLERK OF THE SUPERIOR COURT
By: R. Oliver, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA
LIMITED JURISDICTION

| | |
|---|---|
| EDITH DIXON, <br><br> Plaintiff, <br><br> vs. <br><br> ELEMENT GLOBAL SERVICES, INC. <br><br> Defendant. | Case No. HG-16814302 <br><br> (Amount to exceed $10,000 but not $25,000) <br><br> 1. Violation of Rosenthal Federal Fair Debt Collection Practices Act <br> 2. Violation of Fair Debt Collection Practices Act <br> 3. Violation of Electronic Funds Transfer Act |

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,

Complaint - 1

deceptive, and unfair practices. This is also an action violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* (hereinafter "EFTA").

## II. PARTIES

2. Plaintiff, Edith Dixon ("PLAINTIFF"), is a natural person residing in Alameda County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, DEFENDANT, Element Global Services, Inc. ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. Defendant, within one year, attempted to collect debt from Plaintiff.

5. In attempting to collect this debt from Plaintiff, Defendant placed a barrage of calls to Plaintiff, calling Plaintiff multiple times per day. Defendant placed calls to Plaintiff with enough regularity and frequency to constitute harassment under the circumstances.

6. Solely in an effort to prevent Defendant's harassing calls, Plaintiff agreed to make a payment to Defendant.

7. In or around October of 2015, Defendant withdrew money from Plaintiff's personal bank account on a reoccurring basis.

8. However, prior to Defendant's automatic withdraws, Defendant never secured a written agreement to automatically debit Plaintiff's bank account on this reoccurring basis.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

10. Defendant violated the FDCPA based on the following:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)) ;and

   e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d))

   f) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));

   g) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§ 1692e(5));

WHEREFORE, Plaintiff, Edith Dixon, respectfully requests judgment be entered against Defendant, for the following:

1. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

2. Actual damages;

3. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

4. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

12. Defendant violated the RFDCPA based on the following:

(a) Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

(b) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code § 1788.10(e));

(c) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal Civ Code § 1788.10(f)); and,

(d) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code § 1788.13(j)).

WHEREFORE, Plaintiff, Edith Dixon, respectfully requests judgment be entered against Defendant for the following:

1. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

2. Actual damages;

3. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*; and

4. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

13. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

14. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

15. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

16. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

17. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

18. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating

Complaint - 5

Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

19. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

WHEREFORE, Plaintiff, Edith Dixon, respectfully requests judgment be entered against Defendant for the following:

1. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

2. Actual damages;

3. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

4. Any other relief that this Honorable Court deems appropriate.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 4th day of May, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

**COPY**
**BY FAX**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ELEMENT GLOBAL SERVICES, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EDITH DIXON

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
ENDORSED
FILED
ALAMEDA COUNTY
MAY 04 2016
CLERK OF THE SUPERIOR COURT
By D. OLIVER, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Alameda
24405 Amador Street
Hayward, CA 94544

CASE NUMBER:
*(Número del Caso):* HG16814301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: MAY 04 2016    Chad Finke    Clerk, by D. OLIVER, Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Your browser does not support iFrames <iframe src="//www.googletagmanager.com/ns.html?id=GTM-T4FP6H" height="0" width="0" style="display:none;visibility:hidden"></iframe>

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through May 3, 2016.

Selected Entity Name: ELEMENT GLOBAL SERVICES, INC.
Selected Entity Status Information

**Current Entity Name:** ELEMENT GLOBAL SERVICES, INC.
**DOS ID #:** 4385159
**Initial DOS Filing Date:** APRIL 08, 2013
**County:** ERIE
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information
**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O ELEMENT GLOBAL SERVICES, INC.
3368 NASH ROAD
HAMBURG, NEW YORK, 14075

**Chief Executive Officer**

MARK LESINSKI
3368 NASH ROAD
HAMBURG, NEW YORK, 14075

**Principal Executive Office**

ELEMENT GLOBAL SERVICES, INC.
3368 NASH ROAD
HAMBURG, NEW YORK, 14075

**Registered Agent**

NONE

This office does not record information regarding       PAGE 11
the names and addresses of officers, shareholders or

directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| APR 08, 2013 | Actual | ELEMENT GLOBAL SERVICES, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us

Your browser does not support iFrames

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, EDITH DIXON | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>MAY 04 2016<br>CLERK OF THE SUPERIOR COURT<br>By: D. Sison, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME:

CASE NAME: EDITH DIXON v. ELEMENT GLOBAL SERVICES, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: HG16814301 |
|---|---|---|
| ☐ Unlimited  ☑ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 4, 2016

Todd M. Friedman
(TYPE OR PRINT NAME)          ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

| | |
|---|---|
| **CASE NAME:** | *Edith Dixon v. Element Global Services, Inc.* |
| **ACTION NO.:** | To Be Assigned |

## PROOF OF SERVICE

**METHOD OF SERVICE**

☒ First Class Mail ☐ Facsimile ☐ Messenger Service

☐ Overnight Delivery ☐ E-Mail/Electronic Delivery

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is 445 South Figueroa Street, Suite 3000, Los Angeles, California 90071-1619, County of Los Angeles.

3. On June 16, 2016, I served the following document:

**NOTICE OF REMOVAL FROM THE SUPERIOR COURT OF CALIFORNIA FOR ALAMEDA COUNTY, CALIFORNIA, DOCKET NO. HG-16814301**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

Todd M. Friedman, Esq.  *Attorneys for Plaintiff*
Adrian R. Bacon, Esq.  *EDITH DIXON*
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 South Beverly Drive, Suite 725
Beverly Hills, California 90212
Tel: 877-206-4741
Fax: 866-633-0228
Email: tfriedman@toddflaw.com
Email: abacon@toddflaw.com

5. I served the documents by the following means:

   a. ☒ By United States mail: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at the address listed in Paragraph 2 above.

  b. ☐ **By overnight delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  c. ☐ **By messenger:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.

  d. ☐ **By fax transmission:** Based on an agreement between the parties and in conformance with Rule 2.306, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

  e. ☐ **By email or electronic transmission:** Based on an agreement between the parties and/or as a courtesy, I sent the documents to the persons at the email addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 16, 2016

**Jennie Lynn Cecchini**
Type Name             *Jennie Cecchini*
                 Signature